

## NUMBER 13-09-00498-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### EX PARTE: OSCAR EDGARDO GUILLEN

### On appeal from the 92nd District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

Appellant, Oscar Edgardo Guillen, appeals from the trial court's order denying his petition for writ of habeas corpus and ordering his extradition to Michigan. By a single issue, appellant contends that the trial court abused its discretion in authorizing his extradition because he established that he is not a fugitive. We affirm.

### I. Background

The State of Michigan requested appellant's arrest and extradition based on

allegations of failure to pay child support and "Desertion/Abandonment/Non-Support." On July 17, 2009, the trial court held a hearing on appellant's petition for writ of habeas corpus, by which he challenged the legality of his arrest and extradition. The trial court found that the Texas Governor's Warrant and supporting documentation presented by the State met the requirements of the Uniform Criminal Extradition Act.[1] The trial court denied appellant's petition for writ of habeas corpus, and this appeal followed.

## II.  Standard of Review and Applicable Law

In a habeas corpus proceeding, the applicant has the burden to prove his claims by a preponderance of the evidence.[2] In reviewing the trial court's ruling on an application for writ of habeas corpus, we view the facts in the light most favorable to the ruling.[3] We afford almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the court's fact findings are based on an evaluation of credibility and demeanor.[4] We afford the same level of deference to a trial court's ruling on an application of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.[5] We review de novo mixed questions of law and fact that do not involve credibility and demeanor evaluations.[6] We

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 51.13 (Vernon 2006).

[2] *See Ex parte Mares*, No. AP-76,219, 2010 Tex. Crim. App. Unpub. LEXIS 309, at *2 (Tex. Crim. App. May 19, 2010) (citing *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003) (per curiam)).

[3] *See Peterson*, 117 S.W.3d at 819.

[4] *Id.*

[5] *See id*.

[6] *See id*.

2

will uphold the trial court's ruling absent an abuse of discretion.[7]

If the governor has signed a warrant granting extradition, a trial court entertaining an application for writ of habeas corpus may decide only four issues: (1) whether the extradition documents are facially in order; (2) whether the applicant has been charged with a crime in the demanding state; (3) whether the applicant is the person named in the demand for extradition; and (4) whether the applicant is a fugitive.[8] Additionally, an accused may raise the issue of his mental competency to consult with counsel.[9]

A governor's warrant which is regular on its face is sufficient to make a prima facie case authorizing extradition.[10] Once the governor's warrant is shown to be regular on its face, the burden shifts to the petitioner to show that: (1) the warrant was not legally issued; (2) it was issued on improper authority; or (3) the recitals in it are inaccurate.[11]

Section 3 of article 51.13 of the code of criminal procedure requires that the extradition request from the demanding state be accompanied by either: (1) a copy of an indictment; (2) an information supported by an affidavit; (3) an affidavit made before a magistrate together with a warrant; or (4) a copy of a judgment of conviction or sentence together with a statement the person has escaped from confinement or broken the terms

---

[7] *Id.*

[8] *Ex parte Potter,* 21 S.W.3d 290, 294 (Tex. Crim. App. 2000).

[9] *Id.* at 296.

[10] *Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex. Crim. App. 1969); *Ex parte Rodriguez*, 943 S.W.2d 97, 99 (Tex. App.–Corpus Christi 1997, no pet.).

[11] *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); *Ex parte Rodriguez*, 943 S.W.2d at 99.

3

of his bail, probation, or parole.[12]  The purpose of the requirement that the demand for extradition be accompanied by one of the enumerated set of instruments is to demonstrate that the person whose surrender is sought was charged in the regular course of the judicial proceedings of the demanding state.[13]  The list of supporting documents in section three of article 51.13 has been recognized as being disjunctive in nature; that is, only one of the supporting documents enumerated in the statute must accompany the governor's warrant.[14]

## III.  Discussion

Appellant contends that the trial court abused its discretion in denying his habeas petition because he is "not a fugitive."  Appellant argues that the basis for the Governor's Warrant relates to child-support arrearages owed by appellant.  At the hearing, appellant argued that:  (1) the Governor's Warrant was issued on June 26, 2009; (2) on June 30, 2009, he had a telephonic hearing with Michigan authorities; (3) as a result, the Michigan court modified his child support obligation and ordered him to make monthly payments towards his outstanding arrearages; and (4) the order took effect on July 1, 2009, after the issuance of the Governor's Warrant.  In support, appellant submitted several documents, including a copy of the June 30, 2009 order modifying his child support and ordering monthly payments on arrearages.

In response, the State makes two arguments.  First, the State contends that Michigan's extradition request is not based on an allegation that appellant committed a

---

[12] TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.

[13] *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); *Ex parte Rodriguez*, 943 S.W.2d at 99.

[14] *Noe v. State,* 654 S.W.2d 701, 702 (Tex. Crim. App. 1983).

4

crime in Michigan and fled—the type of situation covered in section three of article 51.13.[15]

Rather, the State asserts that Michigan has based its extradition request on allegations that appellant committed an act *in Texas* which intentionally resulted in a crime in Michigan—allegations covered by section six of article 51.13.[16] Thus, according to the State, there is no allegation that appellant is a "fugitive" who fled from Michigan, and appellant's argument that he is not a "fugitive" is irrelevant.

Secondly, the State argues that "issues of the merits of the charges against the person whose extradition is being sought are to be determined by the demanding state, and are not to be considered by the asylum state." In support, the State cites, among other authorities, *California v. Superior Court of California,*[17] *State ex rel. Holmes v. Klevenhagen,*[18] *Ex parte McMillan,*[19] and *Ex parte Lepf.*[20]

We agree with the State on both points. Among the documents presented by the State is an "Application for Requisition – Nonfugitive Form" from the Michigan prosecuting attorney to Jennifer Granholm, governor of Michigan, requesting appellant's return to

---

[15] *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.

[16] *See id.* art. 51.13, § 6. Section 6 provides that:

> The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom.

*Id.*

[17] 482 U.S. 400, 408 (1987).

[18] 819 S.W.2d 539, 543 (Tex. Crim. App. 1991) ("Neither defenses nor the guilt or innocence of the charged party is to be considered during extradition proceedings.").

[19] 482 S.W.2d 640, 641 (Tex. Crim. App. 1972) (same).

[20] 848 S.W.2d 758, 761 (Tex. App.–Corpus Christi 1993, pet. ref'd) (same).

Michigan.  The first paragraph states,

> The subject is charged with committing Count I:  Child Support—Failing to Pay and Count II: Desertion/Abandonment/Non-Support in Leelanau County, Michigan, on July 12, 2000 to present.  The charge(s) arose from acts committed while the subject was located in Texas, that intentionally resulted in the crime(s) charged in Michigan.

We conclude that appellant's extradition is governed by section six of article 51.13; thus, appellant's defense that he is not a fugitive is inapplicable.[21]

We also agree with the State that "[t]he purpose of habeas corpus review of an extradition proceeding is not to inquire into the viability of the prosecution or confinement in the demanding state; rather, the sole purpose is to test the legality of the extradition proceedings."[22]

Here, the introduction of the Governor's Warrant, regular on its face, made out a prima facie case that the requirements for extradition had been met.[23]  The burden then shifted to appellant, who was required to overcome the facts that the governor was obliged to determine before the extradition warrant was issued.[24]  Appellant challenged his extradition only on the ground that he was not a fugitive, which the State was not required

---

[21] *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.

[22] *Rentz v. State*, 833 S.W.2d 278, 279 (Tex. App.–Houston [14th Dist.] 1992, no pet.); *see Klevenhagen*, 819 S.W.2d at 543; *see also Ex parte Packer*, No. 14-09-493-CR, 2009 Tex. App. LEXIS 7844, at *3 (Tex. App.–Houston [14th Dist.] Oct. 8, 2009, no pet.) (mem. op., not designated for publication); *Ex parte Lepf*, 848 S.W.2d at 761.

[23] *See Ex parte Martinez*, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975); *Ex parte Lepf*, 848 S.W.2d at 760; *see also Ex parte Garcia*, No. 13-08-586-CR, 2009 Tex. App. LEXIS 6605, at *2 (Tex. App.–Corpus Christi Aug. 24, 2009, no pet.) (mem. op., not designated for publication).

[24] *Van Hobbs v. State*, 801 S.W.2d 198, 199 (Tex. App.–Houston [14th Dist.] 1990, no pet.) (citing *Ex Parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979); *Ex Parte Bunch*, 519 S.W.2d 653, 654 (Tex. Crim. App. 1975)).

to prove.[25]  We hold the trial court did not abuse its discretion in denying appellant's petition for writ of habeas corpus.

### IV.  Conclusion

We overrule appellant's sole issue and affirm the trial court's denial of appellant's petition for writ of habeas corpus.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[25] *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.